### PAGE CONSTRUCTION COMPANY, Plaintiff,

### v.

### PERINI CONSTRUCTION, Defendant.

### Civ. A. No. 88–0674 L.

United States District Court,
D. Rhode Island.

May 10, 1989.

Peter Lawson Kennedy and John B. Webster, Adler Pollock & Sheehan, Inc., Providence, R.I., for plaintiff.

Gardner H. Palmer, Jr. and Michael P. Defanti, Hinckley, Allen, Snyder & Comen, Providence, R.I., for defendant.

### MEMORANDUM AND ORDER

LAGUEUX, District Judge.

The issue presently pending in this matter is whether the Court should dismiss or transfer a contract action filed in violation of the parties' contractual forum selection clause. The plaintiff, Page Construction Company ("Page"), a subcontractor, filed the instant diversity action against its general contractor, Perini Corporation ("Perini") in the United States District Court for the District of Rhode Island. The subcontract upon which Page's action is based, however, contains a forum selection clause which specifies that the "venue of any proceeding brought under this Subcontract shall be Massachusetts." Based upon this clause, Perini has moved for dismissal in reliance on Rule 12(b)(6) of the Federal

Rules of Civil Procedure and 28 U.S.C. § 1406(a).

This Court finds that the forum selection clause contained in the subcontract does not suffer from any legal infirmity and thus, is valid. However, recent Supreme Court authority dictates that the proper inquiry in a case involving a forum selection clause concerns whether transfer is appropriate under the federal change of venue provision, 28 U.S.C. § 1404(a) and not dismissal under § 1406(a). Having conducted the relevant inquiry pursuant to the federal change of venue provision, and per the contractual agreement of the parties, the Court holds that plaintiff's action should be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

In July of 1987, the parties entered into a subcontract agreement concerning construction work to be performed at the Blast and Paint Facility of General Dynamics' Electric Boat Division in Quonset Point, Rhode Island. Page is a Rhode Island corporation having its principal place of business in Narragansett, Rhode Island. Perini is a Massachusetts corporation having its principal place of business in Framingham, Massachusetts.

The parties memorialized their subcontract agreement on a contract form allegedly provided by Perini. By affidavit Anthony Paglia, the president of Page, claims that he "executed" the subcontract on July 9, 1987 in Page's Narragansett, Rhode Island office. Also by affidavit, Joseph Perini, III, the project manager for defendant, claims that he "signed" the subcontract on behalf of Perini in its Massachusetts office after Page had signed the agreement in Rhode Island. In his affidavit, Joseph Perini goes on to state that a pre-award conference was held on June 17, 1987 in Perini's Massachusetts office. At this conference, Anthony Paglia allegedly made changes to the terms of the then proposed contract, but did not suggest changing the forum selection clause, nor did he complain that it was unreasonable.

The subcontract contains a forum selection clause which reads as follows:

20.5 The venue of any proceeding brought under this Subcontract shall be Massachusetts.

In addition, the contract also provides that Massachusetts law governs the construction of the agreement.

Page claims that Perini wrongfully refused to pay it for $76,427.70 worth of materials and services rendered under the subcontract agreement. Therefore, on November 29, 1988 Page filed the instant action claiming that Perini has violated the terms of the subcontract and has been unjustly enriched thereby.

Apparently, Page has filed a three count complaint against Perini; however, the counts are numbered "Count I", "Count III" and "Count IV." The Court assumes that this is merely an enumeration error on the part of plaintiff's counsel, and that counsel did not intend to file a fourth count, which would have been numbered "Count II", but somehow forgot.

Citing the subcontract's forum selection clause and in reliance on Fed.R.Civ.P. 12(b)(6) and 28 U.S.C. § 1406(a), Perini filed the instant motion to dismiss on December 30, 1988. Page objected to defendant's motion on the ground that Rhode Island has far greater connections to the present dispute than does Massachusetts, and asked the Court to disregard the parties' forum selection clause. In the event that the Court gives effect to the clause, Page asks that the case be transferred to Massachusetts rather than dismissed.

The parties engaged in oral argument before this bench on February 8, 1989. The Court took the matter under advisement and it is now in order for decision.

## DISCUSSION

In a federal case such as the instant suit, the effect to be accorded a forum selection clause is governed by federal law. *Moretti & Perlow Law Offices v. Aleet Associates*, 668 F.Supp. 103, 105 (D.R.I.1987). The seminal case in this area is the admiralty case of *The Bremen v. Zapata Off-Shore*

Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

Prior to *The Bremen,* federal courts had looked with disfavor upon forum selection clauses. *Moretti,* 668 F.Supp. at 106. In *The Bremen,* however, the Supreme Court found "that such clauses are prima facie valid and should be enforced" unless the resisting party demonstrates that enforcement would be unreasonable under the circumstances. 407 U.S. at 10, 92 S.Ct. at 1913. The Court listed several ways in which a forum selection clause may be invalidated. First, if the clause is shown to have been the product of "fraud, undue influence, or overweening bargaining power" it may be ignored. *Id.* at 12, 92 S.Ct. at 1914. In the case at bar, plaintiff does not allege fraud or undue influence and there is no evidence of "overweening" bargaining power. Next a court should hold a forum selection clause to be unenforceable "if enforcement would contravene a strong public policy of the forum in which the suit is brought." *Id.* at 15, 92 S.Ct. at 1916. Again, Page has failed to demonstrate such a contravention. Finally, the Supreme Court held that a forum selection clause should be disregarded "if the chosen forum is *seriously* inconvenient for the trial of the action." *Id.* at 16, 92 S.Ct. at 1916 (emphasis in original).

In the 1988 opinion of *Stewart Organization, Inc. v. Ricoh Corp.,* — U.S. ——, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), the Supreme Court seemed to back away from its holding in *The Bremen.* While the Court still upheld the validity of forum selection clauses, it limited application of the clear-cut factors in *The Bremen* to admiralty cases. In non-admiralty cases a more amorphous standard applies through which a court should consider the policies underlying the federal change of venue statute, 28 U.S.C. § 1404(a). — U.S. at ——, 108 S.Ct. at 2243. The *Stewart Organization* Court stated that in forum selection clause cases, dismissal under 28 U.S.C. § 1406(a) is inappropriate, but that transfer to the designated venue is the proper remedy when the clause is given effect. *Id.* at —— n. 8, 108 S.Ct. at 2243 n. 8. While Perini has filed its motion pursuant to § 1406(a) and Rule 12(b)(6) seeking dismissal, this Court will treat the motion as a § 1404(a) motion for transfer. As an aside, this Court does not reach the issue of whether a contract action brought in violation of a forum selection clause may ever be dismissed for failure to state a claim upon which relief can be granted.

Section 1404(a) provides as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In *Stewart Organization,* Justice Marshall, writing for the majority, held as follows:

Section 1404(a) is intended to place discretion in the District Court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack,* 376 U.S. 612, 622 [84 S.Ct. 805, 812, 11 L.Ed.2d 945] (1964). A motion to transfer under § 1404(a) thus calls on the District Court to weigh in the balance a number of case-specific factors. The presence of a forum selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the District Court's calculus. In its resolution of the 1404(a) motion in this case, for example, the District Court will be called on to address such issues as the convenience of a Manhattan forum given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum selection clause and the parties' relative bargaining power. The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences.

*Id.* at ——, 108 S.Ct. at 2244.

From the above-quoted passage it is clear that overweening bargaining power and inconvenience remain key factors in transfer decisions. Moreover, consideration of the weight to be accorded a forum selection clause still will be affected by instances of fraud and undue influence as

these factors go to fairness. Thus, in *Stewart Organization*, while the Supreme Court has explicitly renounced the broad application of *The Bremen* to nonadmiralty forum selection clause decisions, it has nonetheless adopted that case's underpinnings by following nearly identical factors.

The remaining consideration in this case, then, is the same under both *Stewart Organization* and *The Bremen*: Is it unreasonable or unfair to transfer this action to the forum chosen by the parties in their forum selection clause? In a pre-*Stewart Organization* case this Court, per then District Court Judge Selya, listed a number of factors for consideration in determining reasonableness of transfer under a forum selection clause. *D'Antuono v. CCH Computax Systems, Inc.*, 570 F.Supp. 708 (D.R. I.1983). Most of these factors remain relevant today. Among the factors outlined by Judge Selya are the "identity of the law which governs the construction of the contract," the place of execution of the contract, the location of performance, the availability of remedies in the designated forum, the location of the parties, the convenience of prospective witnesses, and the accessibility of evidence. *Id.* at 712. In the end, the "totality of the circumstances" must be considered and "the party seeking to avoid the strictures of the forum selection clause must convince the court of the reality of 'a set of qualitative factual circumstances warranting denial of enforcement.'" *Id.*

In the case at bar, enforcement of the Massachusetts forum selection provision is not unreasonable, nor would transfer cause serious inconvenience. An examination of the *D'Antuono* factors supports this determination. First, under the contract, Massachusetts law applies. Second, Page's contention notwithstanding, the contract was apparently executed in Massachusetts when Joseph Perini signed the document after Anthony Paglio signed it in Rhode Island. Third, each party is domiciled in one of the proposed fora—Page is a citizen of Rhode Island, and Perini is located in Massachusetts. Fourth, the place of performance was Rhode Island. Finally, it may or may not be that the courthouse in Providence, Rhode Island is more convenient for witnesses and closer to evidence; however, since the Rhode Island federal courthouse and the Massachusetts federal courthouse in Boston are less than 50 miles apart, any added inconvenience caused by transfer will be minimal. On balance, the above analysis does not demonstrate that transfer to Massachusetts is improper.

This is not to say that, in the absence of the forum selection clause, Rhode Island would not be a proper forum, or, indeed, might not be the most desirable location for trial. Yet, Massachusetts is certainly not an unreasonable situs for this litigation and in light of the forum selection clause it is the most appropriate venue.

In summary, this case boils down to the following. Page agreed in its subcontract with Perini to bring any proceedings arising out of that subcontract in Massachusetts. Despite giving its word that it would only institute suit in Massachusetts, it filed the instant action in Rhode Island and now seeks to be released from its obligation. Since the forum selection clause is valid and Massachusetts is not an unreasonable venue for this matter, Page should be forced to keep its promise and the Court will transfer this action to Massachusetts. As Justice Kennedy observed in his concurring opinion in *Stewart Organization*, "enforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." —— U.S. at ——, 108 S.Ct. at 2249.

## CONCLUSION

For the reasons stated herein, this action is transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

*It is so Ordered.*