CREDITORS COLLECTION BUREAU, INC., Plaintiff,

v.

ACCESS DATA, INC., Defendant.

Civ. A. No. C93–0031–BG(H).

United States District Court,
W.D. Kentucky,
Bowling Green Division.

May 3, 1993.

Charles E. English, Sr., English, Lucas, Priest & Owsley, Bowling Green, KY, for plaintiff.

Edward Faye, Milliken, Milliken, Faye, Flener & Potter, Bowling Green, KY, James R. Kelley, Neal & Harwell, Nashville, TN, for defendant.

## MEMORANDUM OPINION

HEYBURN, District Judge.

A contract executed by Plaintiff and Defendant included a forum selection clause designating Tennessee as the chosen venue for litigating any potential contract disputes.[1] Plaintiff filed suit in the Kentucky state courts when the parties' contractual relationship disintegrated. Defendant, having removed the litigation to this Court, now asks that the suit be transferred to the Middle District of Tennessee in accordance with the parties' forum selection clause. The Court will grant Defendant's request.

### I.

Two federal statutes govern most transfers. The first permits a court to transfer "a case laying venue in the wrong division or district" to a district in which the lawsuit could properly have been filed, if such transfer is in the interest of justice. 28 U.S.C. § 1406(a). The other transfer statute declares that a court enjoying proper venue may nevertheless transfer a case "for the convenience of parties and witnesses, in the interest of justice". 28 U.S.C. § 1404(a). The selection between these two modes of transfer will incidentally dictate the source for the choice of law rules ultimately consulted by the transferee court. See Tel–Phonic Services v. TBS Int'l, 975 F.2d 1134, 1141 (5th Cir.1992).

The threshold question, then, is whether venue is proper in this Court. If venue is properly laid here, the transfer of this lawsuit must proceed under § 1404(a); if venue is not proper in this Court, § 1406(a) governs transfer or dismissal of the litigation. The Court believes that venue is proper in this forum, and therefore will transfer this case under the rules stated by § 1404(a).

There is little doubt that venue is proper in this Court if the issue is determined exclusively by reference to federal statute. See 28 U.S.C. § 1391(b) and (c). Defendant argues, however, that the presence of a valid forum selection clause pointing to Tennessee renders venue in this Court legally improper, notwithstanding the broader permission granted by federal venue law. This theory has inspired a considerable amount of debate, and a number of published opinions endorse Defendant's argument.[2] The Supreme Court, however, does not appear to give conclusive weight to forum selection

---

1. The contract specified that Plaintiff "consents to the personal jurisdiction of the courts sitting in the State of Tennessee and agrees that any court action relating to this Agreement shall be brought only in State or Federal courts having jurisdiction in Williamson County, Tennessee." (Def.'s Mot. to Transfer, License Agreement at 10.)

2. For opinions declaring that venue is improper where a forum selection clause points to some other jurisdiction, see Riley v. Kingsley Underwriting Agencies, 969 F.2d 953, 956 (10th Cir.1992); Arrow Plumbing & Heating v. North Am. Mechanical Services, 810 F.Supp. 369, 371 (D.R.I.1993); and Hoffman v. Burroughs Corp., 571 F.Supp. 545, 550–51 (N.D.Tex.1982).

For opinions holding, expressly or impliedly, that a forum selection clause alone does not render venue improper, see Tel–Phonic Services v. TBS Int'l, 975 F.2d 1134, 1141, n. 7 (5th Cir.1992) (acknowledging that § 1404(a) applicable where venue proper under federal law, despite forum selection clause pointing to another jurisdiction); Box v. Ameritrust Texas, 810 F.Supp. 776, 779–80 (E.D.Tex.1992) (applying § 1404(a) where forum selection clause pointed to different jurisdiction); Detroit Coke Corp. v. NKK Chemical USA, 794 F.Supp. 214, 217–20 (E.D.Mich.1992) (same); and Page Constr. Co. v. Perini Constr., 712 F.Supp. 9, 10 (D.R.I.1989) (expressly declaring § 1404(a) applicable).

clauses when determining whether venue is proper. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Among other things, the *Stewart* opinion declared that courts should not grant "dispositive consideration" to forum selection clauses when evaluating the propriety of transfer. *Id.* at 31, 108 S.Ct. at 2245. Though the Supreme Court has not yet definitively rejected Defendant's argument, it would contradict the reasoning in *Stewart* for this Court to hold that the parties' forum selection clause conclusively renders venue improper and mandates transfer under § 1406(a). Venue being appropriate in this Court, § 1404(a) governs the transfer of this litigation to Tennessee.

## II.

■■■ Though not dispositive, a forum selection clause constitutes a "significant factor that figures centrally in [a] district court's calculus" when evaluating a discretionary transfer under § 1404(a). *Stewart*, 487 U.S. at 29, 108 S.Ct. at 2244. Such clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Moses v. Business Card Express*, 929 F.2d 1131, 1136 (6th Cir.1991) (citing *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972)). Plaintiff's acceptance of the forum selection clause was not the act of a "totally unsophisticated and inexperienced person[ ] accepting every condition imposed" such that enforcement of the clause would be unreasonable under the circumstances. *Id.* at 1138. Nor do Plaintiff's general claims of fraud and deceit affect the validity of the forum selection clause: "there must be a well-founded claim of fraud in the inducement of the clause itself, *standing apart from the whole agreement* ", to render such a clause unenforceable. *Id.* (emphasis in original).

■■■ The other factors a court must consider when evaluating a § 1404(a) transfer, such as the convenience of witnesses and the public-interest factors of systemic integrity and fairness, do not in this case overcome the "counterweight" of the parties' private expression of their venue preference. *Stewart*, 487 U.S. at 30–31, 108 S.Ct. at 2244. It is true that prosecution of this suit in Tennessee will impose greater cost on Plaintiff than would prosecution in Kentucky, but these increased expenses are "inherent in a forum selection clause": the fact that litigation will be more expensive for one party than another "is not a reason for declaring such clauses invalid." *Moses*, 929 F.2d at 1138–39. Nor is there any indication that Defendant requested the forum selection clause as a means of discouraging Plaintiff from pursuing legitimate claims, such that enforcement of the clause would violate fundamental fairness. *Carnival Cruise Lines v. Shute*, —— U.S. ——, ——, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991). And finally, though Plaintiff's choice of a Kentucky forum is entitled to some deference, the weight accorded this factor is lessened where, as here, Defendant is attempting to move the litigation to a jurisdiction that Plaintiff, by contract, had originally chosen. *See Detroit Coke Corp. v. NKK Chemical USA*, 794 F.Supp. 214, 220 (E.D.Mich.1992). The interests of justice in this case are not so significant as to render the parties' forum selection clause unenforceable.

## III.

Venue is proper in this Court, notwithstanding a forum selection clause designating Tennessee as the jurisdiction of choice for litigating disputes focusing on the contract between Plaintiff and Defendant. The presence of an enforceable forum selection clause, however, and the absence of significant countervailing considerations, persuades this Court that transfer of this litigation to the Middle District of Tennessee is appropriate under 28 U.S.C. § 1404(a).