Richard **PREZOCKI** and Gizella
Prezocki, Appellants,

v.

**BULLOCK GARAGES, INC., Appellee.**

No. 96–SC–114–DG.

Supreme Court of Kentucky.

Feb. 27, 1997.

David S. Sprawls, Louisville, for appellants.

James L. Theiss, LaGrange, for appellee.

STEPHENS, Chief Justice.

We granted discretionary review in this case to determine the enforceability of a forum selection clause contained in a contract for the construction of a garage. Appellants, the Prezockis, filed an action for damages against appellee, Bullock Garages, Inc. in Oldham District Court, which subsequently dismissed appellants' action. On appeal, the Oldham Circuit Court affirmed the district court's decision, while the Court of Appeals denied discretionary review.

On April 3, 1994, the Prezockis and Bullock Garages entered into a construction contract whereby Bullock Garages agreed to build a 24' × 24' garage in return for the Prezockis' payment of $7,970. The contract was pre-printed on a form and the only negotiated terms were written in hand on the front of the contract. Although appellants signed the form at the bottom of the front page, small italicized language immediately above the signatures stated as follows: "Please read both front and back of this contract before signing." Both the front and the back of the form also contained cautionary language stating, "Do not sign this contract before you read it or if it contains any blank spaces ..." The back of the form further cautioned, "ADDITIONAL TERMS OF CONTRACT—PLEASE READ BEFORE SIGNING." Within the ten additional terms on the back of the form was a forum selection clause stating:

ILLINOIS LAW TO GOVERN

This contract shall be governed by the laws of the State of Illinois, both as to interpretation and performance. The place of this contract, its situs and forum, shall at all times be the State of Illinois. All matters relating to the validity, construction, interpretation and enforcement of this contract shall be determined in the appropriate courts in the State of Illinois.

Following the completion of the garage, the Prezockis filed a complaint against Bullock Garages in Oldham District Court alleging breach of contract, negligence, and breach of Kentucky's building codes and Oldham County's building ordinances. Bullock Garages subsequently filed a motion to dismiss asserting that the forum selection clause within the contract required any lawsuit to be filed in Illinois. The Oldham District Court dismissed the case without prejudice, notating by hand in the bottom corner of the order that it was relying upon *Creditors Collection Bureau, Inc. v. Access Data, Inc.,* 820 F.Supp. 311 (W.D.Ky.1993), a case upholding a Tennessee forum selection clause

for contract disputes. No additional findings or reasoning is reflected in the record.

Citing *Prudential Resources Corp. v. Plunkett*, Ky.App., 583 S.W.2d 97 (1979), a case involving a Texas forum selection clause in a contract between nonresidents of Kentucky, the Oldham Circuit Court affirmed the district court's judgment, declining to find the forum selection clause to be "unfair or unreasonable" under the circumstances. The circuit court further determined that no "undue hardship" would result if appellants had to litigate the action in Illinois. The judge based his decision on the Prezockis' failure "to show that the forum selection clause was unfairly negotiated nor has any fraud, undue influence, overreaching or boilerplating been revealed." Finally, the Oldham Circuit Court refused to consider the additional argument that the clause in question was not part of the contract, as it determined that question was not properly before the court.

The Court of Appeals denied further review of the case, citing the Prezockis' failure to present it with any "special reasons" for review. Upon our grant of discretionary review, the Prezockis now present their claim to this Court.

Within *Prudential, supra,* Kentucky adopted Section 80 of the Restatement (Second) of Conflict of Laws (1971), which specifically asserts:

> The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction but such an agreement will be given effect unless it is unfair or unreasonable.

*Id.* at 99. The Court of Appeals further stated that, "If suit in the selected forum would be unfair or unreasonable, the clause will not be enforced." *Id.* Moreover, in determining whether the forum selection clause in *Prudential* was indeed unreasonable, the trial court considered several factors, including: the inconvenience created by holding the trial in the specified forum; the disparity of bargaining power between the two parties; and whether the state in which the incident occurred has a minimal interest in the lawsuit. *Prudential,* 583 S.W.2d at 99–100.

Therefore, according to *Prudential, supra,* the forum selection clause in the present case should be enforced as *prima facie* valid, unless appellants present the trial court with countervailing circumstances that would render the clause "unreasonable." However, because the underlying decision of the Oldham District Court was based on a motion to dismiss, matters outside the pleadings were not considered. Thus, given the limited record in the present case, this Court has an inadequate set of facts upon which to base an appropriate legal determination.

Furthermore, while we ultimately agree with the circuit court's reliance upon *Prudential,* we disagree with the procedure it followed. The limited findings in the record in the case at bar compelled the Oldham Circuit Court to remand the case to the Oldham District Court for a factual determination, not to affirm the district court's dismissal of the case. Accordingly, we reverse the decision of the Oldham Circuit Court and remand the case to Oldham District Court for a hearing and a factual determination in conformity with the decision in *Prudential Resources Corp. v. Plunkett,* Ky.App., 583 S.W.2d 97 (1979).

All concur, except WINTERSHEIMER, J., who concurs in result only.