**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANIES, Appellant,**

v.

**Joseph Lester HENSHAW, Appellee.**

No. 2001–SC–0732–DG.

Supreme Court of Kentucky.

Jan. 23, 2003.

James B. Brien, Jr., Neely & Brien, Mayfield, Steven L. Gillman, Holland & Knight LLP, Chicago, IL, Counsel for Appellant.

Steve P. Robey, Law Offices of Steve P. Robey, Providence, Counsel for Appellee.

Opinion of the Court by Chief Justice LAMBERT.

Appellee, Joseph Lester Henshaw, entered into an employment contract with his employer, Kentucky Farm Bureau, appellant herein, which provided for termination of the agreement, with enhanced monthly payments, upon ten days written notice. Upon termination in accordance with the agreement, Henshaw filed suit in the Union Circuit Court claiming that he was fired by Kentucky Farm Bureau because of his age. The circuit court dismissed based on the venue selection provision in the parties' contract that required any action to be brought in Jefferson County, Kentucky.[1] It held that enforcement of the clause would not be unreasonable or unfair, but the Court of Appeals reversed, holding that the circuit court applied the wrong venue test because Henshaw's claim was a civil rights claim. The issue presented to this Court is whether our routine practice of enforcing forum selection clauses should be followed in this venue selection case or whether the civil rights nature of the claim invalidates the contract provision that determines venue.[2]

The Court of Appeals considered two tests that have been applied to forum se-

---

1. The relevant provision is as follows:

   A. VENUE, JURISDICTION, FORUM SELECTION, AND CHOICE OF LAW.
   This Agreement has been made and accepted in Jefferson County, Kentucky, and it shall be interpreted in accordance with and governed by the laws of the Commonwealth of Kentucky. The Company and the Agency Manager [Henshaw] hereby agree that any action brought against the other relating to or arising out of this Agreement shall be brought only in a state or federal court of general jurisdiction in Jefferson County, Kentucky and that any objection to this jurisdiction or venue is specifically waived.

2. In the agreement, forum selection and venue selection were addressed in the same pro-

lection clauses. One such test is set forth in *Prudential Resources Corp. v. Plunkett*[3] and *Prezocki v. Bullock Garages, Inc.*,[4] cases that represent prevailing Kentucky law. Observing these decisions and the test therein, the trial court dismissed this case. The Court of Appeals acknowledged that the *Plunkett* and *Prezocki* test applied in conventional contract cases, but held that when the substantive claim was a civil rights claim, as in this case, the proper test to apply is found in *Red Bull Assoc's. v. Best Western Int'l, Inc.*,[5] *Weiss v. Columbia Pictures Television, Inc.*,[6] and *Nelson v. Master Lease Corp.*[7]

The Court of Appeals placed great reliance on *Red Bull, supra*, where the owners of a motel sued their franchisor claiming their civil rights had been violated when the franchise was terminated. The choice-of-forum clause in the contract required suit to be brought in Arizona. The owners sued in New York and on appeal the U.S. Court of Appeals for the Second Circuit held that "the decision to transfer a case where there is a contractual choice-of-forum provision and significant public policy concerns at issue is best left to the sound discretion of the trial judge."[8] Upon this view, the Court of Appeals affirmed the trial court's decision not to enforce the choice-of-forum provision. As clearly reflected in the Court's decision, there was a perceived need to vindicate public policy interests that persuaded the

Court not to enforce the forum selection clause. In fact, the franchise dispute arose because there were several poor minority families who inhabited the motel and their presence and appearance were alleged to have been the reason the franchisor terminated the franchise agreement. As such, the Court in *Red Bull* relied on the public policy implication in the nature of the claim as sufficient to prevail over the forum selection clause in the contract.

This Court recently addressed the enforceability of forum selection clauses. In *Prezocki, supra*, the homeowners sued a contractor for breach of a contract for the building of a garage. The contract contained a forum selection clause and this Court held that forum selection clauses are prima facie valid and that the burden rests on the movant to prove that enforcement is unreasonable. The Court of Appeals of Kentucky reached a similar conclusion in *Plunkett, supra*, holding that reasonableness was the standard to be applied.

As there is only private interest at issue here, this case bears greater similarity to *Prezocki* than to *Red Bull*. As in *Prezocki*, the rights of the parties in this case arose from a private contract and unlike *Red Bull* we discern no public interest in need of vindication. Although, Henshaw's claim was brought under the Kentucky Civil Rights Act, KRS 344.010, *et seq.*, the relationship between the parties was of a con-

vision. While the concepts differ, they bear sufficient similarity that precedent applicable to one is instructive as to the other.

3. Ky.App., 583 S.W.2d 97 (1979).

4. Ky., 938 S.W.2d 888 (1997).

5. 862 F.2d 963 (2d Cir.1988).

6. 801 F.Supp. 1276 (S.D.N.Y.1992).

7. 759 F.Supp. 1397 (D.Minn.1991).

8. 862 F.2d at 964.

sensual origin. Without the contract, which defined the parties' rights and liabilities, there would have been no relationship and no basis upon which to claim an age-based civil rights violation. As the contract established the relationship between the parties, and as there is a probability that it will influence any subsequent litigation, enforcement of the choice-of-venue clause is not unreasonable.

For the foregoing reasons, the opinion of the Court of Appeals is reversed and the judgment of the Union Circuit Court is reinstated.

All concur.