**Mary (Gray) COLLINS, Appellant**

v.

**KCEOC COMMUNITY ACTION PARTNERSHIP, INC.,** Appellee

NO. 2014–CA–000285–MR

Court of Appeals of Kentucky.

RENDERED: JANUARY 30, 2015; 10:00 A.M.

BRIEF FOR APPELLANT: Jason E. Williams, Henry C. List Jr., London, Kentucky

BRIEF FOR APPELLEE: Mitzi D. Wyrick, Roosevelt J. Stennis Jr., Louisville, Kentucky

BEFORE: COMBS, NICKELL, TAYLOR, JUDGES.

## OPINION

COMBS, JUDGE:

Mary Gray Collins [1] appeals the order of the Knox Circuit Court which granted mo-

1.  The Appellant is referred to by several varia-   tions of her name throughout the record.   We

tion to dismiss filed by KCEOC Community Action Partnership, Inc. After our review, we affirm.

The facts are undisputed. Collins was employed as a substitute teacher at Rosenwald Child Development Center, a facility operated by KCEOC Community Action Partnership, Inc. On November 4, 2009, a four-year-old student wandered away from the school and was found approximately one-half mile away.

On the same day, KCEOC filed a report to the Kentucky Cabinet of Health and Family Services' Department of Community Based Services, which undertook an investigation to determine whether the incident was the result of neglect. Also on that day, KCEOC terminated Collins's employment.

On January 19, 2010, the Cabinet issued its finding that Collins had neglected the child. Collins went through an appeals process within the Cabinet, and it was ultimately determined that Collins had not been guilty of neglect.

On October 4, 2013, Collins filed a complaint against KCEOC alleging wrongful discharge, negligence and vicarious liability, and defamation. She demanded punitive damages. In response, KCEOC filed a motion to dismiss on October 30, 2013. The Cabinet contended that Collins had failed to state a claim. The trial court agreed and granted the motion on January 16, 2014. This appeal followed.

■ When a court includes materials that are outside the pleadings in its consideration of a motion to dismiss, the motion to dismiss is treated as a motion for summary judgment. Kentucky Rule[s] of Civil Procedure (CR) 12.02. In this case, KCEOC submitted two exhibits with its

motion to dismiss, and the trial court stated that it had considered them. Therefore, the standard of review that we utilize in considering a motion for summary judgment is: "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996).

While Collins has raised several issues in her appeal, one issue is dispositive: whether KCEOC violated public policy when it reported negligence to the Cabinet and terminated Collins's employment. Her remaining arguments—including her argument on damages—are moot because we are affirming the dismissal of this case.

■ Collins and KCEOC agree that Collins was an at-will employee. It has long been the law in Kentucky that an at-will employee may be discharged "for good cause, for no cause, or for a cause that some might view as morally indefensible." *Wymer v. JH Properties, Inc.*, 50 S.W.3d 195, 198 (Ky.2001); *see also Louisville & N.R. Co. v. Offutt*, 99 Ky. 427, 36 S.W. 181 (1896). On appeal, Collins's arguments focus upon the public policy exception to the at-will doctrine:

1) The discharge must be contrary to a fundamental and well-defined public policy as evidenced by existing law.

2) That policy must be evidenced by a constitutional or statutory provision.

3) The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide, not a question of fact.

*Grzyb v. Evans*, 700 S.W.2d 399, 401–02 (Ky.1985)(*quoting Suchodolski v. Michi-*

---

are unsure whether her last name is Collins or Gray. We shall follow the notice of appeal

and refer to her as Collins.

gan *Consolidated Gas Co.,* 412 Mich. 692, 316 N.W.2d 710, 711 (1982)).

KCEOC reported the alleged neglect to the Cabinet pursuant to Kentucky Revised Statute[s] (KRS) 620.030(1), which requires that: "[a]ny person who knows or has reasonable cause to believe that a child is ... neglected shall *immediately* cause an oral or written report to be made...." (Emphasis added). Failure to report is a crime. KRS 620.030(6).

However, Collins based her argument on appeal[2] on KRS 620.050, which grants immunity to anyone who, *acting in good faith*, makes a report of neglect. As Collins emphasizes, that statute also criminalizes "knowingly mak[ing] a false report ... with malice...." KRS 620.050(1). She contends that KCEOC should have conducted an investigation **before** filing the report and terminating her employment; by failing to investigate, she argues that, KCEOC did not act in good faith. Thus, as the trial court ably summarized, Collins's "argument is that [KCEOC's] act of compliance with one statute amounted to a violation of another...."

A case from the Eastern District of Kentucky has provided a sound analysis of the apparent conflict between the two statutes. In *Hazlett v. Evans,* 943 F.Supp. 785 (E.D.Ky.1996), a physician claimed immunity from liability because he had reported suspected abuse pursuant to KRS 620.030. As in the case before us, the allegations were not substantiated. The appellant sued the physician, claiming that the physician had not exercised good faith and that he thus was not able to claim immunity pursuant to KRS 620.050.

The federal court pointed out the legislative intent to protect children from harm. *Id.* at 788. The court then addressed the

potential consequences of a conflict between the reporting statute and the immunity statute:

> Allowing doctors to be held civilly liable in a case such as this one would be to stifle doctors from reporting suspected cases and would lead to a double edged sword; on the one hand, the doctors would not want to report for fear of misdiagnosis, but on the other hand, if they did not report and their diagnosis was correct, then they would be faced with criminal liability.

*Id.* It concluded that in order to prevail, the appellant bore the burden of showing that the physician had made his report in bad faith. *Id.*

The same reasoning applies in this case. Collins argues that whether bad faith occurred is a question of fact for a jury— thus precluding summary judgment. However, our Court recently explained that "a defendant should be able to invoke immunity at the earliest stage of a proceeding.... Summary judgment is proper if the record does not support any genuine issues of material fact." *White v. Norton Healthcare, Inc.,* 435 S.W.3d 68, 75 (Ky.App.2014).

In this case, the record does not support any allegations of bad faith. Collins did not raise an allegation of bad faith in her complaint. She does not dispute that the child wandered away from the school while she was working. Nothing in the record supports the suggestion that a genuine issue of fact regarding bad faith ever existed or now remains. Nonetheless, Collins asserts that she should be allowed to conduct discovery because **there might be evidence** of bad faith behavior by KCEOC. However, "[t]he hope or bare belief, like Mr. Micawber's, that

---

2. We note, as did the trial court, that Collins did not invoke KRS 620.050 in her complaint.

Her first reference to it appears in her response to KCEOC's motion to dismiss.

something 'will turn up,' cannot be made basis for showing that a genuine issue as to a material fact exists." *Neal v. Welker,* 426 S.W.2d 476, 479–80 (Ky.1968).

 It is true that the record reflects that Collins was ultimately exonerated from having committed neglect. However, an erroneous belief does not constitute bad faith. *Norton Hospitals, Inc. v. Peyton,* 381 S.W.3d 286, 293 (Ky.2012).

Accordingly, the trial court did not err when it determined that Collins failed to state a viable claim. We need not address her remaining arguments.

We affirm the Knox Circuit Court.

ALL CONCUR.