RENDERED:  DECEMBER 23, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-1870-MR

R.J. CORMAN RAILROAD
COMPANY/CAROLINA
LINES, LLC                                                                          APPELLANT

v.
APPEAL FROM JESSAMINE CIRCUIT COURT
HONORABLE HUNTER DAUGHERTY, JUDGE
ACTION NO. 18-CI-00532

GLOBAL BIO RESOURCES, INC.                                          APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  DIXON, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  R.J. Corman Railroad Company/Carolina Lines, LLC (R.J.

Corman) brings this appeal from a November 28, 2018, Order of the Jessamine

Circuit Court dismissing its complaint and petition for declaratory judgment.  We

vacate and remand.

R.J. Corman is a limited liability company incorporated in South Carolina, and Global Bio Resources, Inc. (Global Bio) is a corporation incorporated in Wyoming.[1] R.J. Corman owned real property located in Whiteville, North Carolina, and Global Bio sought to purchase said real property from R.J. Corman. In furtherance thereof, the parties executed a letter of intent (LOI) on May 14, 2018. Therein, R.J. Corman agreed to sell and Global Bio agreed to purchase the real property for $2,146,196.62 provided the terms of the LOI were satisfied. Relevant to this appeal, paragraph 6 of the LOI required Global Bio to obtain financing for the purchase price, with proof thereof to be in a form reasonably acceptable to R.J. Corman. Per the LOI, the failure of Global Bio to obtain a reasonably acceptable form of financing gave R.J. Corman the right to terminate the LOI.

Global Bio tendered proof of financing to R.J. Corman. However, R.J. Corman viewed the financing obtained by Global Bio as not reasonably acceptable, and by email dated June 14, 2018, R.J. Corman gave Global Bio notice of termination of the LOI.

Nevertheless, the parties continued negotiations and eventually executed a Mutual Non-Disclosure and Non-Solicitation Agreement (Agreement) on July 12, 2018. One purpose for the Agreement was to set forth the conditions

---

[1] R.J. Corman's parent company is a Kentucky Limited Liability Company located in Nicholasville, Kentucky.

by which the parties would exchange confidential information concerning the possible sale of the real property. Also, the Agreement was more limited than the LOI and did not bind the parties to sell or to purchase the subject real property. Rather, the Agreement was merely executed "in connection with the evaluation of one or more possible business transactions including the sale and purchase" of the subject real property. Ultimately, by email dated August 20, 2018, R.J. Corman terminated the Agreement, as permitted thereunder, upon thirty days written notice. By letter dated September 7, 2018, Global Bio informed R.J. Corman that R.J. Corman had breached the LOI and that such breach caused damages to Global Bio.

Three days later, on September 10, 2018, R.J. Corman filed a complaint and petition for declaratory judgment against Global Bio in the Jessamine Circuit Court. Therein, R.J. Corman sought a declaratory judgment that it possessed no contractual obligation to sell the real property to Global Bio. R.J. Corman asserted that it properly terminated negotiations with Global Bio pursuant to the Agreement. R.J. Corman also stated that its principal office was located in Nicholasville, Kentucky.

On November 16, 2018, Global Bio filed a motion to dismiss. Global Bio sought dismissal based upon lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief could be granted. As to the improper venue argument, Global Bio particularly reasoned:

-3-

The language set forth in Paragraph 15 of the LOI was expressly negotiated by the parties and was included in the final version of that agreement as executed by the parties. That the parties would require any disputes about the sale of the Property (located in North Carolina) to be brought in a North Carolina court is both reasonable and to be expected. A party should not be permitted to avoid its plain contractual obligations simply by later cleverly omitting reference to them in filings with the Court. The Court should not condone this type of artful pleading and should instead dismiss this action so that it may be pursued in the forum contractually agreed upon by the parties.

November 16, 2018, Motion to Dismiss at 15. According to Global Bio, R.J. Corman's contractual obligation to sell the real property arose under the LOI, and R.J. Corman breached the LOI by refusing to accept Global Bio's proof of financing. As such, Global Bio believed the LOI's forum selection provision controlled; thus, the action must be filed in North Carolina.

By Order entered November 28, 2018, the circuit court dismissed R.J. Corman's complaint and petition for declaratory judgment. The court specifically concluded that the "forum selection clause in the parties' LOI survived any subsequent agreement and the proper venue for the present dispute between the parties is the State Courts of North Carolina." This appeal follows.

To begin, the circuit court rendered its order dismissing R.J. Corman's petition under Kentucky Rules of Civil Procedure (CR) 12.02. However, it is clear that matters outside of the pleadings were presented to and not excluded by the

-4-

circuit court in reaching its decision. As a consequence, we are bound to consider the order as a summary judgment. CR 12.03; *Collins v. KCEOC Cmty. Action P'ship, Inc.*, 455 S.W.3d 421, 423 (Ky. App. 2015). Summary judgment is proper where there exists no material issue of fact and movant is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991). Our review proceeds accordingly.

R.J. Corman contends the circuit court erred by concluding that Kentucky was not the proper forum to adjudicate its petition for declaration of rights. In particular, R.J. Corman argues that the circuit court improperly relied upon the forum selection clause set forth in the LOI. R.J. Corman argues that the LOI was merged into the Agreement by a merger clause contained in the latter. As a result, R.J. Corman maintains that the LOI was extinguished by the merger clause, including the LOI's forum selection clause, and the circuit court erred by concluding otherwise.

It is generally stated that merger "refers to the extinguishment of one contract by its absorption into another contract." 17A C.J.S. *Contracts* § 580 (2020); *Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 834 (Ky. 2013). Merger may be effectuated by a merger clause in a new contract

whereby all prior statements or prior contractual agreements are extinguished by execution of the new contract.[2]

> In the Agreement, a merger clause was set forth in Section 13:
>
> > This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof and supersedes any and all existing or prior agreements and communications, whether written or oral, relating to the subject matter hereof. . . .

Agreement at 4. The above merger clause is unambiguous. It clearly provides that existing or prior agreements are superseded or extinguished, and the terms of the Agreement constitute "the entire Agreement." Agreement at 4. However, we do not believe the merger clause in the Agreement operated to extinguish the LOI.

> It is uncontroverted that R.J. Corman expressly terminated the LOI by email dated June 14, 2018. In the email, R.J. Corman stated that it was terminating the LOI pursuant to Section 5 and based upon Global Bio's failure to obtain reasonably acceptable financing to purchase the real property.[3]

---

[2] To be effective, a merger of a prior contract into a new contract generally can only occur between the same parties and upon the same subject matter.

[3] The Letter of Intent provided, in relevant part:

> 5.   Seller may terminate this Letter if the Purchaser shall fail to obtain proof of financing in the manner and by the date prescribed in Paragraph 6 hereof. . . .
>
> 6.   The consummation of the Transaction by Purchaser will be subject to (i) Purchaser's ability to obtain financing for the Purchase Price of the Property, which proof of financing (e.g., a

The legal effect of a party terminating a contract is to dissolve the contract:

> When a contract is terminated, even wrongfully, there is no longer a contract, and therefore no duty to perform and no right to demand performance, unless specific performance is sought. The parties to an agreement are relieved of their mutual obligations upon termination of the agreement, and neither party is liable after termination for further transactions thereunder. However, the exercise of a reserved power of termination will usually have prospective operation only, and it will discharge both parties from their contractual duty to perform promises that are still wholly executory, but will not discharge the duty to make reparation for breaches that have already occurred. Thus, obligations that have already accrued ordinarily are not affected, and there is no forfeiture of any right to recover damages for a prior breach of the contract by the other party.

17B C.J.S. *Contracts* § 616 (2020) (footnotes omitted).

As R.J. Corman terminated the LOI, the Agreement's merger clause did not merge the LOI as the LOI was dissolved prior thereto and did not exist at that time. Simply stated, no contractual obligations under the LOI existed at the time of execution of the Agreement because the LOI was terminated before the Agreement's execution. Nonetheless, Global Bio may, of course, bring an action for breach of the LOI based upon the alleged wrongful rejection of Global Bio's proof of financing.

---

loan commitment or pre-approval letter), in a form deemed reasonably acceptable by Seller[.] . . .

In its petition for declaratory judgment, R.J. Corman sought a declaration that it owed no contractual duty to sell the real property to Global Bio. The parties agree that no such contractual duty existed in the Agreement. If a contractual duty existed, it must be found in the LOI that Global Bio believes was wrongfully terminated by R.J. Corman. The LOI contained the following forum selection clause:

> 15. Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Letter may only be brought against any of the Parties in the courts of the State of North Carolina[.] . . .

LOI at 6. The above forum selection clause is clear and unambiguous. Under this clause, the parties agreed that an action relating to rights under the LOI would be brought in North Carolina.[4] Consequently, we agree with the circuit court that the forum selection clause in the LOI "survived any subsequent agreement." Order at 1.

However, the court's review of the enforceability of the forum selection clause does not end there. R.J. Corman argues on appeal that the forum selection clause in the LOI is unreasonable and, thus, unenforceable. R.J. Corman maintains that the circuit court committed error by failing to conduct an

---

[4] It appears that R.J. Corman Railroad Company/Carolina Lines, LLC, has also filed a similar action in North Carolina alleging it owed no contractual duty to sell the real property to Global Bio Resources, Inc., and Global Bio also has filed an action in North Carolina asserting breach of contract against R.J. Corman.

evidentiary hearing upon the issue of whether the forum selection clause in the LOI

was reasonable.[5]

As to the enforceability of a forum selection clause, our courts have

adopted Section 80 of the *Restatement (Second) of Conflicts of Laws* (1971), which

provides:

> The parties' agreement as to the place of the action
> cannot oust a state of judicial jurisdiction, but such an
> agreement will be given effect unless it is unfair or
> unreasonable.

*Prudential Res. Corp. v. Plunkett*, 583 S.W.2d 97, 99 (Ky. App. 1979). So, a

forum selection clause in a contract is enforceable unless the clause is

unreasonable. *Id.* Several factors are considered in determining the

reasonableness of a forum selection clause, including disparity of bargaining

power, inconvenience of holding trial in the specified forum, law governing

formation of contract, place of execution of contract, and the location of parties

and witnesses. *Aries Entm't, LLC v. Puerto Rican Ass'n for Hispanic Affairs, Inc.*,

---

[5] Global Bio argues that this issue was not properly preserved nor argued before the circuit court below. Global Bio also makes this argument in a motion to strike R.J. Corman's brief, which has been denied by separate order. Based upon our review of the record and the transcript of the hearing conducted on November 20, 2018, issues regarding venue and the convenience of the forum were specifically discussed and argued below. However, the court's order does not address the enforceability of the forum selection clause. Thus, the issue on appeal looks to the application of the proper legal authority regarding the enforcement of a forum selection clause. Applicable legal authority can be resorted to at any stage of a legal proceeding, regardless of whether cited by the litigants. *Burton v. Foster Wheeler Corp.*, 72 S.W.3d 925, 930 (Ky. 2002). Likewise, as long as an appellate court confines its review to the record on appeal, no rule of court or constitutional provision prevents the court from deciding an issue not presented on appeal by the parties. *Priestly v. Priestly*, 949 S.W.2d 594, 596 (Ky. 1997). *See also Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 740-41 (Ky. 2019).

591 S.W.3d 850, 856 (Ky. App. 2019); *Prezocki v. Bullock Garages, Inc.*, 938 S.W.2d 888, 889 (Ky. 1997). And, the circuit court is required to have a sufficient factual record upon which to base its findings of fact as to the reasonableness of the forum selection clause. *Prezocki*, 938 S.W.2d at 889.

In its order dismissing R.J. Corman's petition for declaration of rights, the circuit court merely concluded that the forum selection clause in the LOI "survived any subsequent agreement" and that North Carolina was the proper forum. The circuit court did not address whether the forum selection clause in the LOI was reasonable. Moreover, the record on appeal in this case is limited and does not provide a sufficient basis for findings of fact as to the reasonableness of the forum selection clause. *See Prezocki*, 938 S.W.2d at 889.

Although R.J. Corman possesses the burden of demonstrating the unreasonableness of the forum selection clause, the circuit court is, nevertheless, obligated to follow precedent and to specifically determine the reasonableness of the forum selection clause. Therefore, we vacate the circuit court's order wherein it concluded that the proper forum for the current action was North Carolina. Upon remand, the circuit court shall conduct an evidentiary hearing to determine whether R.J. Corman can demonstrate that the forum selection clause in the LOI is unreasonable and thus should not be enforced. As noted, R.J. Corman carries the burden of proving same. After the hearing, the circuit court shall render an order

that includes separate findings of fact and conclusions of law in accordance with CR 52.01.

We view any remaining contentions of error to be moot or without merit.

For the foregoing reasons, the Order of the Jessamine Circuit Court dismissing this action is vacated and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| David R. Irvin | Richard A. Getty |
| Catherine S. Wright | Matthew W. English |
| Nicholasville, Kentucky | Lexington, Kentucky |