RENDERED:  JANUARY 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0459-MR

ARMANDO RIVERA HERNANDEZ                                    APPELLANT

v.
APPEAL FROM GRAVES CIRCUIT COURT
HONORABLE TIMOTHY C. STARK, JUDGE
ACTION NO. 20-CI-00028

MAYFIELD CONSUMER
PRODUCTS, LLC; UKNOWN
DEFENDANTS; AND DAVID BURCH                                 APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE:  Armando Rivera Hernandez appeals the order dismissing his

complaint against Mayfield Consumer Products, LLC ("MCP"), unknown

defendants, and David Burch, without prejudice, entered on March 20, 2020, by

the Graves Circuit Court. After careful review of the briefs, record, and the law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Hernandez is a resident and citizen of Puerto Rico. He was recruited from his home in Puerto Rico and moved to Kentucky to work for MCP, beginning in the summer of 2019. Both Hernandez and MCP signed a work agreement. Article 10 of the agreement addresses its enforcement. In pertinent part, it provides:

> 1. If the WORKER has ***any*** complaint in relation to the application or interpretation of the terms of this Agreement, the Secretary of Labor and Human Resources of Puerto Rico ***will*** process the complaint under the procedures provided for in 29 LPRA 531. The EMPLOYER recognizes the authority of the Secretary of Labor to ensure faithful compliance with the terms and conditions under this Agreement and retains any other authority or duty conferred by law or regulation.
>
> 2. The EMPLOYER recognizes the Secretary of Labor or his authorized representative may represent WORKERS for all purposes arising out of or in connection with contracts to be executed and the labor-management relationship between WORKERS and the EMPLOYER. The right of representation includes the right of the Secretary or his authorized representative to visit WORKERS in their place of residence or workplace and verify employment conditions.
>
> 3. If the WORKER has returned to Puerto Rico, and wishes to establish a claim or complaint, he ***shall*** register the same with a local office of the Employment Service.

(Emphasis added.)

Shortly after Hernandez began employment with MCP, on August 2, 2019, Burch, MCP's Chief Financial Officer, sent a text message stating, "We are working diligently to clean up the epileptic, obese, pregnant, and special needs issues[.]" Hernandez's employment with MCP was subsequently terminated, and he returned to Puerto Rico.

Hernandez filed his complaint on January 30, 2020, claiming his termination "was based upon the fact that [he] is overweight, and for no other legitimate reason." Hernandez's complaint alleged violation of the Kentucky Civil Rights Act (KCRA),[1] the Kentucky Equal Opportunities Act (KEOA),[2] and KRS 337.420.

MCP and Burch filed a motion to dismiss for improper venue pursuant to CR[3] 12.02(c). Hernandez responded to this motion, and MCP and Burch replied to his response. After reviewing the language of the parties' contract and hearing arguments of counsel, the trial court determined the forum selection clause was conscionable, reasonable, valid, and enforceable. Consequently, the

---

[1] Kentucky Revised Statutes (KRS) Chapter 344.

[2] KRS 207.130 to 207.230.

[3] Kentucky Rules of Civil Procedure.

-3-

trial court dismissed Hernandez's complaint without prejudice. This appeal followed.

## CONTRACT INTERPRETATION

Hernandez first argues that the agreement expired by its own terms at the time his employment with MCP terminated. This assertion is not borne out by the record. Article 2 of the agreement provides it "shall continue in full force and effect from the date of its signed [sic] until the termination date of employment **_unless_** terminated sooner or **_extended_** in accordance with the provisions of this Agreement." (Emphasis added.) Article 10, concerning agreement enforcement, clearly contemplated that workers who had returned to Puerto Rico may wish to establish a claim or complaint, and addressed where those claims "shall" be registered: with a *local* office of Employment Service.

"A fundamental rule of contract law holds that, absent fraud in the inducement, a written agreement duly executed by the party to be held, who had an opportunity to read it, will be enforced according to its terms." *Conseco Fin. Servicing Corp. v. Wilder*, 47 S.W.3d 335, 341 (Ky. App. 2001). Hernandez neither alleges fraud in the inducement nor denies the terms of the contract or that he signed it.

Additionally, "'in the absence of ambiguity a written instrument will be enforced strictly according to its terms,' and a court will interpret the contract's

terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 106 (Ky. 2003) (citations omitted). It is also well-settled that "[t]he construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court." *First Commonwealth Bank of Prestonsburg v. West*, 55 S.W.3d 829, 835 (Ky. App. 2000). Because the construction and interpretation of a contract is a matter of law, it is reviewed under the *de novo* standard. *Nelson v. Ecklar*, 588 S.W.3d 872, 878 (Ky. App. 2019), *review denied* (Dec. 13, 2019).

Here, the terms of the contract were clear and unambiguous. Article 10 dictates that claims made after a worker's return to Puerto Rico ***shall*** be registered with a local office of the Employment Service. The trial court correctly found no genuine issue of material fact regarding where the complaint should be brought and correctly interpreted the contract. Thus, the trial court did not err in dismissing Hernandez's complaint as a matter of law.

Hernandez next argues that the agreement does not contain an exclusivity provision relating to forum selection/venue. Again, this claim is not borne out by the record. Article 10 of the agreement clearly provides: "If the WORKER has returned to Puerto Rico, and wishes to establish a claim or complaint, he ***shall*** register the same with a local office of the Employment Service." (Emphasis added.) This provision is clear and unambiguous. Thus, the

trial court correctly interpreted the contract and did not err in dismissing

Hernandez's complaint as a matter of law.

Nevertheless, Hernandez contends he should be able to bring his

discrimination claims separately from his contract claims. In *Kentucky Farm*

*Bureau Mut. Ins. Cos. v. Henshaw*, 95 S.W.3d 866, 867-68 (Ky. 2003), the Court

held otherwise, stating:

> As there is only private interest at issue here, this case
> bears greater similarity to *Prezocki* [*v. Bullock Garages,
> Inc*., 938 S.W.2d 888 (Ky. 1997)] than to *Red Bull*
> [*Associates v. Best Western Intern., Inc*., 862 F.2d 963
> (2d Cir. 1988)]. As in *Prezocki*, the rights of the parties
> in this case arose from a private contract and unlike *Red
> Bull* we discern no public interest in need of vindication.
> Although, Henshaw's claim was brought under the
> Kentucky Civil Rights Act, KRS 344.010, *et seq*., the
> relationship between the parties was of a consensual
> origin. Without the contract, which defined the parties'
> rights and liabilities, there would have been no
> relationship and no basis upon which to claim an age-
> based civil rights violation. As the contract established
> the relationship between the parties, and as there is a
> probability that it will influence any subsequent
> litigation, enforcement of the choice-of-venue clause is
> not unreasonable.

The same logic applies here. Hernandez's claims arise from the parties' contract.

Even so, Hernandez urges us to follow *McNeal v. Armour and Co*., 660 S.W.2d

957 (Ky. App. 1983), which was decided by another panel of our court—rather

than the Supreme Court of Kentucky—*prior* to *Henshaw*. *Henshaw* clearly has

greater weight of authority; therefore, we follow it rather than *McNeal*.

-6-

## FORUM SELECTION CLAUSE AND DISCRIMINATION

Hernandez also contends that because discrimination took place in Kentucky, his case must be pursued in Kentucky because its discrimination laws do not have extra-territorial application.[4]  Hernandez further contends public policy requires that venue lie in the Graves Circuit Court.  However, this case concerns the trial court's dismissal for improper venue pursuant to CR 12.02(c).  The trial court determined, as a matter of law, that the forum selection clause was valid and enforceable.  Consequently, it matters not whether issues of fact existed but, rather, whether the trial court correctly upheld the forum selection clause.  Because only questions of law are involved, our standard of review is *de novo.  Scott v. Forcht Bank, NA*, 521 S.W.3d 591, 594 (Ky. App. 2017).

In Kentucky, a forum selection clause is generally given effect unless it is unfair or unreasonable.  *Prudential Res. Corp. v. Plunkett*, 583 S.W.2d 97, 99 (Ky. App. 1979) (adopting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 80 (Am. Law Inst. 1971)).  "[I]f suit in the selected forum would be unfair or unreasonable, the clause will not be enforced." *Id.*  A party challenging a *prima facie* valid forum selection clause must present countervailing evidence that the selection of forum resulted from misrepresentation, duress, abuse of economic

---

[4]  Because Hernandez has not demonstrated that he is entitled to relief under Kentucky's discrimination laws for the reasons discussed herein, we need not address the merit of his argument concerning extra-territorial application.

power, or other unconscionable means. *Prezocki*, 938 S.W.2d at 889. Hernandez

has neither alleged such nor presented any such evidence.

Determining whether a forum selection clause is unreasonable

requires consideration of the inconvenience created by holding the trial in the

specified forum, the disparity of bargaining power between the two parties, and

whether Kentucky maintains a minimal interest in the lawsuit. *Prudential*, 583

S.W.2d at 99-100. Hernandez claims the trial court prematurely dismissed his

claims as he was "not afforded any opportunity to conduct any factual

development in this regard."

However, the trial court observed:

> The claim arises out of the contract, and therefore the
> claim must be enforced pursuant to the contract. The
> Court now comes down to the issue of whether the
> enforcement would be unreasonable or unjust . . .
> whether enforcement would be so inconvenient that the
> party is deprived of his day in court.
>
> In looking at the inconvenience, the contract clearly
> contemplated a return of the employee to Puerto Rico. It
> is anticipated that the employee would either have to
> return to Kentucky to litigate his claim, or that proof
> would have to be taken here to be introduced in Puerto
> Rico. Some inconvenience is going to be involved either
> way. This is not a motion to remove the case based on
> forum non convenience [sic]. It appears that the issue
> was contemplated and addressed, and that the contract
> gave consideration to difficulties in litigating in the
> employee's home jurisdiction after his return.

ROA[5] 285-86. We agree.[6] In fact, the hardship (or unreasonableness) would appear to fall on MCP rather than Hernandez. However, MCP chose to bear that burden.

Moreover, Kentucky has little or no interest in the outcome of this dispute. Hernandez is neither a Kentucky citizen nor a resident. Even so, obesity alone is not a protected class under the KCRA or KEOA. KRS 344.040(1)

---

[5] Record on Appeal.

[6] Although the dissent suggests we should remand this matter to the trial court to conduct an evidentiary hearing to determine whether the forum election clause was reasonable as was done in *Prezocki*, the case herein is more factually and legally similar to *Hayden v. CMH Homes, Inc.*, No. 2002-CA-000121-MR, 2003 WL 1228084 (Ky. App. Jan. 31, 2003). In *Hayden*, another panel of our Court affirmed the trial court's grant of a motion to dismiss/motion for summary judgment because the Haydens failed to demonstrate how the forum-selection clause is unreasonable. That panel observed:

> the forum-selection clause found in *Prezocki* was noticeably different from the forum-selection clause in the case *sub judice*. The forum-selection clause in *Prezocki* mandated that the "contract shall be governed by the laws of the State of Illinois, both as to interpretation and performance." In addition, it provided that "[a]ll matters relating to the validity, construction, interpretation and enforcement of this contract shall be determined in the . . . State of Illinois." This language is significantly more restricted than the language found in the forum-selection clause in the case *sub judice*. The language in *Prezocki* exclusively applied to the contract itself, whereas the provision in the contract in the case *sub judice* stated "any dispute."

*Id*. at *7. Ultimately, the *Hayden* court concluded, "We fail to see how requiring the Haydens to litigate their claims in Blount County, Tennessee, would be unfair or unreasonable. The Haydens traveled to that county to purchase their mobile home and the contract was executed there." *Id.* Likewise, here, the agreement was signed in Puerto Rico, and uses similar broad language. We also fail to see how requiring Hernandez to litigate in the country which he resides would be unfair or unreasonable.

-9-

provides that it is unlawful "to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, . . . [when] the person is a qualified individual with a disability[.]" "The plaintiff bears the initial burden of establishing a prima facie case of disability discrimination against the defendant." *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 706 (Ky. App. 2004).

> In order to establish a prima facie case of discrimination based on a disability, the plaintiff must show: (1) that [she] had a disability as that term is used under the statute (i.e., the Kentucky Civil Rights Act in this case); (2) that [she] was "otherwise qualified" to perform the requirements of the job, with or without reasonable accommodation; and (3) that [she] suffered an adverse employment decision because of the disability.

*Id*. at 706-07.

Under the KCRA, KRS 344.010(4), "disability," with respect to an individual, is defined as: "(a) A physical or mental impairment that substantially limits one (1) or more of the major life activities of the individual; (b) A record of such impairment; or (c) Being regarded as having such an impairment." Under the KEOA, KRS 207.130, "'Physical disability' means the physical condition of a person whether congenital or acquired, which constitutes a substantial disability to that person and is demonstrable by medically accepted clinical or laboratory diagnostic techniques."

The determination of whether Hernandez has an impairment and whether the conduct affected by the impairment is a major life activity under the statute are questions of law. *Hallahan*, 138 S.W.3d at 707. Hernandez alleges in his complaint that he "performed all of his job duties in a satisfactory manner." This assertion undercuts his claim that being overweight and obese constitutes a disability as defined by the KCRA or KEOA.

Moreover, because the KCRA was modeled after federal law, Kentucky courts look to federal disability-discrimination precedent when interpreting the statute. *Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 592 (Ky. 2003). Congress amended the Americans with Disabilities Act (ADA) in 2008. ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2009). The ADA Amendments Act (ADAAA) expanded the definition of disability. However, because the KCRA has not been amended to conform with the ADAAA, courts continue to interpret the KCRA consistently with pre-amendment ADA law. *Breen v. Infiltrator Sys.*, 417 F. App'x 483, 486 (6th Cir. 2011); *Brown v. Humana Ins. Co.*, 942 F.Supp.2d 723, 731 (W.D. Ky. 2013).

The pre-amendment "ADA guidelines suggest that obesity is ***rarely*** considered a disabling impairment[.]" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (emphasis added). Courts have uniformly held that obesity is not a qualifying impairment, or disability, unless it is shown to

-11-

be the result of a physiological disorder. *EEOC v. Watkins Motor Lines, Inc.*, 463 F.3d 436, 440-43 (6th Cir. 2006) ("we hold that to constitute an ADA impairment, a person's obesity, even morbid obesity, must be the result of a physiological condition."); *Francis v. City of Meriden*, 129 F.3d 281, 286 (2d Cir. 1997) ("obesity, ***except in special cases*** where the obesity relates to a physiological disorder, is not a 'physical impairment' within the meaning of the [ADA] statutes." (Emphasis added)). Here, Hernandez has neither alleged nor demonstrated that his obesity is the result of a physiological disorder; therefore, Hernandez is not entitled to relief under the KCRA or KEOA. Accordingly, we discern no more than a minimal public or governmental interest in the outcome of this dispute between these parties.

Furthermore, Hernandez failed to demonstrate the forum selection clause was unreasonable or unfair. Thus, the trial court did not err in its determination that the parties' agreement was valid and binding. Enforcement of the agreement was proper, and dismissal was appropriate.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Graves Circuit Court is AFFIRMED.

COMBS, JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

TAYLOR, JUDGE, DISSENTING:  Respectfully, I dissent.

I harbor grave doubt that the provisions set out in Article 10 of the Work Agreement are, in fact, a forum selection clause.  The provisions are styled as an "Administrative" procedure for complaints under the Agreement.  There is no reference to or restriction of legal action in this clause.  In other words, the Agreement sets forth no restriction for the exhaustion of any administrative remedies before resort to legal action for disputes arising from the employment relationship.  Article 10 looks to be nothing more than a voluntary administrative remedy for disputes arising under the Work Agreement.  And I have serious reservation that this clause controls a Kentucky Civil Rights Act claim that is separate and apart from any claims arising under the Work Agreement.  *See* KRS 344.450; *Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814, 820 (Ky. 1992).

However, presuming that the forum selection clause in the contract is valid and enforceable, Hernandez argues on appeal that the clause is unreasonable. The circuit court concluded that the clause was reasonable without any factual basis or analysis to support this conclusion.

As noted by the majority, as concerns the enforceability of a forum selection clause, our courts have adopted Section 80 of the *Restatement (Second) of Conflicts of Laws* (1971), which provides:

> The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction, but such an agreement will be given effect unless it is unfair or unreasonable.

*Prudential Res. Corp. v. Plunkett*, 583 S.W.2d 97, 99 (Ky. App. 1979). Thus, a forum selection clause in a contract is usually enforceable unless the clause is unreasonable. *Id.* Several factors are considered in determining the reasonableness of a forum selection clause, including disparity of bargaining power, inconvenience of holding a trial in the specified forum, law governing formation of contract, place of execution of contract, and the location of parties and witnesses. *Aries Entm't, LLC v. Puerto Rican Ass'n for Hispanic Affairs, Inc.*, 591 S.W.3d 850, 856 (Ky. App. 2019); *Prezocki v. Bullock Garages, Inc.*, 938 S.W.2d 888, 889 (Ky. 1997). And the circuit court is required to have a sufficient factual record upon which to base its findings of fact as to the reasonableness of the forum selection clause. *Prezocki*, 938 S.W.2d at 889. The record on appeal in this case is meager at best and does not provide any basis for findings of fact as to the reasonableness of the forum selection clause. *See id.* at 889.

The complaint in this case was filed on January 30, 2020, and a motion to dismiss was immediately filed on February 17, 2020. There was no

discovery taken in this case albeit appellant attached discovery requests with the complaint which were not responded to by appellees. Although Hernandez has the burden to demonstrate the unreasonableness of the forum selection clause, the circuit court is still obligated to follow applicable case law and specifically address and determine the reasonableness of the clause.

And I believe it is premature for the majority to address the merits of the complaint in this case. There has been no discovery, and the circuit court did not address the merits of the complaint in its order dismissing the case.

Accordingly, I would vacate and remand this case with directions that the parties be allowed to take any necessary discovery on the forum selection clause issue and conduct an evidentiary hearing to determine whether Hernandez can demonstrate that the clause is unreasonable and should not be enforced.


BRIEFS FOR APPELLANT:

John L. Caudill
Owensboro, Kentucky

BRIEF FOR APPELLEES:

Oliver B. Rutherford
Louisville, Kentucky